IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BETTY SHINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-00444-CG-N |
| | ) | |
| CITY OF MOBILE, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action is now before the undersigned on plaintiff's motion (doc. 69) to proceed on appeal without the prepayment of fees pursuant to 28 U.S.C. § 1915.  Plaintiff seeks to appeal from the Memorandum Opinion and Order granting defendant's motion for summary judgment and the Judgment entered in defendant's favor on February 19, 2010 (docs. 66 and 67, respectively).  The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3).[1]  Upon consideration of the motion, the Court's Memorandum Opinion and Order of February 19, 2010, and all other pertinent portions of the record, it is recommended that the motion to proceed on appeal without prepayment of fees should be **DENIED**.

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the plaintiff does not have an opportunity to file objections.  Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."); United States v. Woods, 2009 WL 5068805 (S.D. Ala. Dec. 17, 2009) United States v. Gibbs, 2008 WL 5428047 (S.D. Ala. Dec. 23, 2008).  The Clerk is therefore directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

A determination whether petitioner's motion to proceed on appeal in forma pauperis should be granted is governed by 28 U.S.C. § 1915 and Fed.R.App.P. 24. *See* <u>Ex parte Chayoon</u>, 2007 WL 1099088, *2 (M.D.Fla. April 10, 2007) (citation omitted). Section 1915(a) provides, in pertinent part, that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Rule 24(a) of the Federal Rules of Appellate Procedure also provides not only that a party who desires to appeal in forma pauperis must file a motion and attach an affidavit that shows in the detail the party's inability to pay as well as the issues intended to be presented on appeal, but that the motion cannot be granted if the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed.R.Civ.P. 24(a). As applied in the case at bar, Plaintiff does not indicate any specific issue she intends to raise on appeal and the record does not support a viable issue. The Court should certify that plaintiff's appeal is not taken in good faith because, in view of plaintiff's failure to adequately support her claims with admissible evidence when required to do so upon the filing of defendant's motion for summary judgment (docs. 42-45 and 46), any appeal is without merit and plainly frivolous. *See*, 28 U.S.C. § 1915(e)(2)(B); Fed.R.App.P. 24(a)(3)(A).

The District Court has thoroughly addressed the pertinent issues in this case (doc. 66) and, therefore, the undersigned cannot now find, objectively speaking, that there is any non-frivolous issue to be litigated on appeal. Accordingly, it is recommended that the

District Judge deny plaintiff's motion to proceed in forma pauperis on appeal and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

## CONCLUSION

It is recommended that the District Judge deny the motion to proceed in forma pauperis on appeal (doc. 69) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**Done** this 22nd day of March, 2010.

/s/ KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE